UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Daphine Marshall, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-01414-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| City of Las Vegas Municipal Court, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, or, In the Alternative, for Summary Judgment (ECF No. 4) filed by Defendant City of Las Vegas Municipal Court. *Pro se* Plaintiff Daphine Marshall filed a Response (ECF No. 9) and Defendant filed a Reply (ECF No. 12).

## I.   BACKGROUND

On June 25, 2013, Plaintiff filed her Complaint in state court, alleging claims for wrongful termination, harassment, defamation, and retaliation arising from her former employment and subsequent termination by Defendant. (Compl., Ex. A to Notice of Removal, ECF No. 1-1.) Plaintiff alleges that she was hired in November 1984, and that in 2008, false allegations were made against her "pertaining to alleged Misconduct, Bribery and other accusations supposedly occurring in 2008," of which she was not made aware at that time. (*Id.* at 2:¶¶7-8, 4:¶17.) Plaintiff also alleges that in "the latter part of 2008, [she] became pregnant and, during her pregnancy, she had concerns regarding her denial of rights under HIPPA [sic] Laws," for which she "filed various Complaints pertaining to assertions that she was not being treated fairly under the HIPPA [sic] Laws." (*Id.* at 2:¶10.)

Plaintiff alleges that she was subsequently "repeatedly harassed and treated differently by her superiors and co-workers while at the work place," including "being 'written up' based on unsubstantiated allegations, all of which were placed in Plaintiff's employee file," and that

her employee file "contained no negative notations" prior to these events. (*Id*. at 2:¶11)

Plaintiff alleges that her child was born in August 2009, and that "[f]rom about the middle of 2009," she "was away from the workplace on Maternity Leave and scheduled to return to her duties . . . in December 2009." (*Id*. at 3:¶12.) During this period, Plaintiff alleges that she "was served with a formal letter from her employer by a local Marshall [sic]," indicating "that there was a pending investigation pertaining to the allegations made against her in 2008." (*Id*. at 3:¶13.) Plaintiff alleges that "[t]his was the first time [she] became aware of such allegations." (*Id*.)

Plaintiff alleges that "[o]n or about December 29, 2009, [she] was told not to return to work as scheduled until the investigation was concluded," and that she "was informed that her reinstatement would take place if the investigation concluded that there was nothing to support these allegations made against her in 2008." (*Id*.)

Plaintiff alleges that she "immediately contacted her Employer when she received a letter dated February 5, 2010 indicating that she was being terminated as a result of violations that somehow occurred while she was on Leave," and that she "requested reinstatement of her duties but was denied this request and was not permitted to return to her duties." (*Id*. at 3:¶14.) Plaintiff alleges that the denial of her request was "based upon the decision of the Defendant to act on the 'Last Chance Agreement'" and her alleged violations of that agreement. (*Id*. at 5:¶¶23-25.)

Plaintiff alleges that "on or about September 1, 2011, the results of the subject Investigation indicated that the allegations made against [her] in 2008 and 2010 could not be substantiated and the matter was dismissed." (*Id*. at 3:¶15.) Plaintiff alleges that she "was considered classified as formally 'terminated' retroactively to be effective December 29, 2009." (*Id*. at 3:¶16.)

Based on these factual allegations, Plaintiff alleges that Defendant "falsely and

intentionally led [her] to believe that the termination notice of February 5, 2010 would be overturned and that she not [sic] be terminated from her position if the Investigation indicated that she had not committed the violations as indicated herein," but that even after she "was exonerated from all such allegations, she was still denied the right to return to work." (*Id*.) Plaintiff alleges that due to her "reliance on the assertion that she was only being suspended due to the Investigation, and due to the allegations contained in her employee file," she was "unable to acquire new employment in her field." (*Id*.)

Plaintiff alleges further that the allegations against her and included in her employee file were false, and that Defendant "had no justification to terminate [her] and used the allegations as a reason to have Plaintiff leave her position." (*Id*. at 4:¶17.) Plaintiff alleges that Defendant "did so because of the fact that she became pregnant and filed complaints pertaining to a denial of her rights under the HIPPA [sic] Laws." (*Id*.)

Based upon these allegations, Plaintiff claims relief for wrongful termination, and for harassment, defamation and retaliation as a result of her complaints regarding violations of her rights under HIPAA[1].

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

---

[1] The Court construes Plaintiff's references to "HIPPA" as referring to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996).

1  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992) Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In just over one page of argument, Defendant requests dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (ECF No. 4.) In the alternative, and without specific argument or evidence, Defendant requests that summary judgment be entered in its favor, apparently under Rule 12(d). (*Id.*) In its Reply, Defendant provides one exhibit dated December 15, 2009, and described as an "Amended Notice of Intent to Enforce Last Chance Agreement." (Ex. 1 to Reply, ECF No. 12-1.)

The Court finds no support for an order granting summary judgment in Defendant's favor. However, as discussed below, the Court finds that dismissal of Plaintiff's Complaint is appropriate, but without prejudice, and that Plaintiff should be given leave to amend her pleading.

The Court finds that Defendant's arguments as to applicable statutes of limitations are well-taken; however at this time the Court possesses insufficient information to determine Plaintiff's intended claims, much less which statutes of limitations apply. Furthermore, Plaintiff claims that she was falsely led to believe that her 2009 termination was not final, as late as September 1, 2011, which may support tolling of any applicable statute of limitations if Plaintiff can present evidence or factual allegations making such a claim plausible.

As a threshold consideration, however, the Court cannot find that Plaintiff has sufficiently stated a legally cognizable claim and the grounds on which it rests, and therefore Plaintiff's claims must be dismissed without prejudice, and leave to amend is granted.

In her Response, Plaintiff states that "[s]he is not making a claim under HIPAA at this time," and that "[t]here are no allegations contained in her Complaint that would give rise to a Title VII Civil Rights action." (Response, 6:19-20, 6:26–7:1, ECF No. 9.)

Plaintiff states that her "allegations pertain to acts of Harassment, Defamation and Retaliation leading to Wrongful Termination," but does not state the legal basis or applicable

law under which she brings her claims.

In Nevada, the elements for a cause of action for defamation are taken from the Restatement (Second) of Torts, § 558, and include: (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 483 (Nev. 1993) (per curiam); *Pope v. Motel 6*, 114 P.3d 277, 315 (Nev. 2005). Here Plaintiff has failed to provide factual allegations of an unprivileged publication to a third party, and has not specifically alleged the substance of any false and defamatory statements of fact by Defendant.

In Nevada, a private right of action for claims of unlawful employment practices such as those alleged by Plaintiff are provided by statute, and "[a]ny person injured by an unlawful employment practice within the scope of NRS 613.310 to 613.435, inclusive, may file a complaint to that effect with the Nevada Equal Rights Commission if the complaint is based on discrimination because of race, color, sex, sexual orientation, gender identity or expression, age, disability, religion or national origin." Nev. Rev. Stat. § 613.405. Ordinarily, a complainant under this statute must first exhaust administrative remedies before the Nevada Equal Rights Commission before filing suit in court. Nev. Rev. Stat. § 613.420; *Palmer v. State Gaming Control Bd.*, 787 P.2d 803, 804 (Nev. 1990) (holding that the Nevada Legislature intended plaintiffs to administratively exhaust employment discrimination claims "prior to seeking redress in the district courts," and recognizing conditions under which the exhaustion requirement may be excused).

Here, Plaintiff does not state whether her claims arise under Chapter 613 of Nevada Revised Statutes. However, if so, Plaintiff has failed to sufficiently allege a cause of action for unlawful employment practices because she fails to provide any allegations to support a determination that her claims have been exhausted or that exhaustion is not required. Also,

1  Plaintiff fails to provide sufficient factual allegations to support a determination that her claims
2  are not barred by the limitation on actions under this statute. *See* Nev. Rev. Stat. § 613.430;
3  *Copeland v. Desert Inn Hotel*, 673 P.2d 490, 492 (Nev. 1983) (recognizing the doctrine of
4  equitable tolling under Chapter 613 of Nevada Revised Statutes).

5  Furthermore, despite her denial, Plaintiff's remaining allegations could also relate to a
6  claim for discriminatory practices prohibited under Title VII of the Civil Rights Act of 1964, 42
7  U.S.C. § 2000e-2, as described in 2 U.S.C. § 1311(a)(1). Plaintiff could also have claims as a
8  state employee as described in § 2000e-16c, under the Government Employee Rights Act of
9  1991, 42 U.S.C. §§ 2000e-16a–2000e-16c, which provides "procedures to protect the rights of
10 certain government employees, with respect to their public employment, to be free of
11 discrimination on the basis of race, color, religion, sex, national origin, age, or disability," and
12 makes unlawful any practice that violates § 2000e-16b(a). 42 U.S.C. § 2000e-16a.

13 For the reasons discussed above, the Court cannot find that Plaintiff has sufficiently
14 stated any legally cognizable claim and the grounds upon which it rests. However, recognizing
15 the possibility that Plaintiff may be able to cure these deficiencies with amendment, the Court
16 will grant leave to amend if she wishes to do so.

17 **IV.    CONCLUSION**

18 **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 4) is **GRANTED**.
19 Plaintiff's Complaint is dismissed without prejudice. Plaintiff is granted leave to file an
20 amended complaint, curing the deficiencies described in this Order, by **March 3, 2014**. Failure
21 to do so by this deadline will result in **dismissal of the action with prejudice**.

22 **DATED** this 7th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court